

**FILED**
**Apr 09, 2024**
**10:19 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Fatima Louchi,** | ) | **Docket No. 2021-06-1239** |
| **Employee,** | ) | |
| **v.** | ) | |
| **All Star Personnel, LLC,** | ) | **State File No. 103949 -2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **Benchmark Insurance Company,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER

---

The Court held a compensation hearing on April 2, 2024, on Fatima Louchi's claim for permanent partial disability benefits for an injury she suffered while working for All-Star Personnel, LLC. For the reasons below, she is awarded two-percent permanent partial disability plus increased benefits, for a total amount of $5,793.90. She is also entitled to future lifetime medical benefits for any reasonable, necessary, and work-related treatment with Dr. Sean Kaminsky.

### Claim History

Ms. Louchi testified that on October 12, 2020, she injured her right shoulder at work. All-Star accepted the claim, and Dr. David Neblett offered conservative treatment. Ms. Louchi believed she needed surgery, and after some time All-Star authorized a second opinion with Dr. Sean Kaminsky. Dr. Kaminsky recommended surgery to repair a torn rotator cuff. After more delay, Ms. Louchi underwent the procedure in October 2022. Dr. Kaminsky followed her progress post-surgery and placed her at maximum medical improvement on April 20, 2023. He assigned a 2% impairment rating without work restrictions.

Ms. Louchi testified that she did not return to work at All-Star when under restrictions because they said they could not accommodate her. She is 46 years old and testified that she did not complete high school or earn a GED.

Ms. Louchi testified that she still feels occasional pain but is satisfied with Dr. Kaminsky's treatment. She disagreed with the rating but offered no admissible contrary expert opinion. Her friend, George Gerace, testified about her difficulties obtaining appropriate treatment, her pain while treating, and her financial hardships since the injury.

### Findings of Fact and Conclusions of Law

Ms. Louchi has the burden of proof on each and every element of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2023).

The Court finds Ms. Louchi credible about treatment delays and difficulties with the carrier. Regardless, they are not relevant to her impairment. Rather, the Court may only consider Dr. Kaminsky's 2% rating as the sole expert proof of impairment. Ms. Louchi disagreed with his ratings but offered no contrary medical evidence, so the Court finds she retained a 2% impairment. She is entitled to an original award of permanent partial disability benefits of $2,466.54 (2% of 450 weeks, or nine weeks, multiplied by the compensation rate of $274.06). *See Id.* at -207(3)(A).

For increased benefits, section 50-6-207(3)(B) states in relevant part that an employee may request them if she has not returned to work, and if appropriate, the injured employee's award shall be increased by multiplying the award by 1.35. Here, All Star did not return Ms. Louchi to work, and the Court finds increased benefits appropriate. She lacks a high school diploma or GED, so the original award shall be multiplied by 1.45. Since she is over 40, that shall be further multiplied by 1.2. *Id.* at -207(3)(B)(i)-(ii). Her resulting award is $5,793.90 ($2,466.54 times 1.35 times 1.45 times 1.2). All-Star shall immediately pay her this amount in a lump sum.[1]

As for medical benefits, Ms. Louchi believes she will need treatment. Section 50-6-204 states that an employer must furnish medical treatment made reasonably necessary by the work accident. All-Star must furnish any future work-related and reasonably necessary treatment with Dr. Kaminsky.

Finally, All-Star shall pay the $150.00 filing fee to the Court Clerk within five business days of entry of this order. It shall also file an SD-2 within ten days of this order becoming final. Unless appealed, this order becomes final thirty days after entry.

IT IS ORDERED.

### ENTERED April 9, 2024.

---

[1] Although All-Star argued that a child support lien(s) might have been placed against Ms. Louchi, neither party offered sufficient proof on this to merit any adjustments to the award.

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice/Mediation Violation
3. Order Resetting Status Hearing
4. Order on Status Hearing, July 12, 2022
5. Hearing Request, July 26, 2022
6. Employer and Carrier's objection to Request for Expedited Hearing and Motion to Strike
7. Employer's Motion for Changing Interpreter
8. Order on Motion Regarding Interpretation
9. Order on Status Hearing, August 26, 2022
10. Order on Status Hearing, October 18, 2022
11. Order on Status Hearing, February 28, 2023
12. Order on Status Hearing, April 4, 2023
13. Order on Status Hearing, June 12, 2023
14. Status Hearing Order, September 11, 2023
15. Order Setting Compensation Hearing
16. Dispute Certification Notice, November 27, 2023
17. Notice of Deposition
18. Amended Notice of Deposition
19. Status Hearing Order, January 30, 2024
20. Employer's Brief
21. Employer's Witness and Exhibit List
22. Post-trial emails[2]

Evidence:
1. Wage statement
2. Deposition-Dr. Kaminsky

---

[2] The parties emailed Court staff after the trial about Ms. Louchi's receipt of and entitlement to temporary disability benefits. These benefits are not listed as an issue on the November 2023 dispute certification notice, so the Court will not rule on them. *See* Tenn. Code Ann. § 50-6-239(b)(1) ("[O]nly issues that have been certified by a workers compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication.").

**CERTIFICATE OF SERVICE**

I certify that a copy of this Compensation Order was sent as indicated on April 9, 2024.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|------|----------------|-----|--------------|-------|---------|
| Fatima Louchi, employee | X | | | X | 214 Ocala Dr. Nashville TN 37211 louchifatima2@gmail.com |
| David Deming, employer's attorney | | | | X | ddeming@manierherod.com tjoiner@manierherod.com |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

     ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

     ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

     When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

     **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*